IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| ABSTRAX, INC. | § | |
| Vs. | § | CIVIL ACTION NO. 2:07CV221 |
| DELL, INC. | § | |

**REPORT AND RECOMMENDATION**

**1.     Introduction**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636.  Currently pending before the court is Dell's motion for summary judgment of no willful infringement (Dkt. #164).  For the reasons discussed herein, the undersigned recommends denying the motion.

**2.     Discussion**

   **A.     Procedural Posture**

In this patent infringement case, Dell filed a motion for partial summary judgment of no willful infringement.  In support of its motion, Dell argues, globally, that no reasonable juror could find, by clear and convincing evidence, that Dell has willfully infringed the '328 patent.  In particular, Dell contends that Abstrax has no evidence that Dell had the requisite knowledge of either the '328 patent or the application that matured into the '328 patent before the filing of this case.  In addition, Dell contends that Abstrax has no evidence that Dell acted in an objectively reckless manner either before or after the filing of this case.  Finally, Dell contends that it did not know, and

should not have known, of a high risk of infringement. Abstrax has filed a response, and the motion is ripe for decision.

    **B.    Factual Background**

The facts giving rise to Abstrax's claim for willful infringement are discussed in the light most favorable to Abstrax, the non-movant. The inventions claimed in the '328 patent were conceived by John LaLonde, Craig MacDonnell, and Davic Cucuzella in 1993. Motorola implemented a system that practiced the claims of the '328 patent in the same year. The application for the '328 patent was filed on April 27, 1995, and the '328 patent issued on May 29, 2001.

Mike Crook is a former Motorola Executive who was later employed by Dell. In the 1990s, Mr. Crook worked as part of the factory production management team at Motorola. He saw the implementation of the technology claimed in the '328 patent and was aware of the pending application.

Sometime before September 8, 1998, Mr. Crook went to work for Dell. In April 2002, one of the inventors of the '328 technology, John LaLonde, had a telephone conversation with Mr. Crook. Mr. LaLonde mentioned to Mr. Crook that the '328 patent had issued and asked for an introduction to Dell's President and Chief Executive Officer to discuss the patented technology.

Dell is the assignee of U.S. Patent No. 7,072,728 ("the '728 patent"). The '728 patent describes Dell's ECCP program, which is accused in this case. The application that matured into the '728 patent was filed on August 20, 2003. The '328 patent is listed as a reference considered by the examiner who allowed the '728 patent claims.

After Abstrax filed this case, Dell defended by asserting defenses of noninfringement and invalidity. In addition, Dell contends that Motorola intentionally abandoned the patent by failing to

pay maintenance fees. Although Abstrax persuaded the PTO to reinstate the patent, Dell contends that this was ineffectual and that the inventions described in the '328 patent have been dedicated to the public.

### C. Relevant law

To prove willful infringement, a plaintiff must show, by clear and convincing evidence, that (1) an accused infringer "acted despite a high likelihood that its actions constituted infringement of a valid patent" and (2) "this objectively defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)(en banc); *ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 251 F.R.D. 238, 241 (E.D. Tex. 2008). Because the patentee bears the ultimate burden of proof on the issue of willfulness, to avoid summary judgment, the patentee must come forward with sufficient evidence to avoid summary judgment of no willful infringement. *See Exigent Technology, Inc. v. Atrana Solutions, Inc*., 442 F.3d 1301, 1309 (Fed. Cir. 2006). The reasonableness of the accused infringer's conduct and the closeness of the case on issues such as infringement and validity may preclude a finding of willful infringement as a matter of law. *TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 579 (E.D. Tex. 2007).

### D. Application

In this case, Dell urges (1) that it had no knowledge of the '328 patent or its pending application, (2) that there is no evidence Dell behaved in an objectively reckless manner before or after the lawsuit was filed, and (3) that there is no evidence that Dell knew or should have known of a high risk of infringement.

Genuine issues of material fact preclude Dell's first argument. In this case, there is evidence

that a former Motorola executive who knew of the technology and the pending patent application later went to work for Dell. There is also evidence indicating that one of the inventors of the '328 patent had a conversation with that employee after he went to work for Dell. In this conversation, Mr. LaLonde informed Mr. Crook of the issued patent and requested a meeting with Dell's Chief Executive Officer. Even if this knowledge is not automatically imputed to Dell, a reasonable jury could disbelieve Dell's denial of any knowledge of the '328 patent and infer that Mr. Crook likely advised others of the technology and the issued patent. This belief would be supported by evidence that Dell obtained a patent on one of the accused products, and that patent lists the '328 patent as a reference considered by the examiner. Even though Dell denies that it had knowledge of the '328 patent, the evidence, viewed in the light most favorable to Abstrax, is sufficient to sustain a contrary finding.

     Dell also argues that there is no evidence that it behaved in an objectively reckless manner either before or after the filing of this suit. Dell contends that it has substantial defenses to infringement, and its invalidity case is strong enough to withstand a finding of willful infringement. Dell also argues that anyone investigating the '328 patent during the time of the alleged infringement would have determined that the maintenance fees had not been paid, the patent had been abandoned, and any revival of the patent was ineffective. Abstrax argues that Dell undertook no investigation into the issue of infringement, has not modified its product, and has in fact developed new technology based on the infringing ECCP program. Abstrax also maintains that Dell's infringement expert has essentially admitted that the ECCP program infringes the '328 patent. Finally, Abstrax contends that anyone investigating the '328 patent would have concluded that the failure to pay maintenance fees was unintentional and that the PTO had agreed with this proposition.

All considered, the undersigned is not persuaded that summary judgment is appropriate. Evaluation of the relative merits of the infringement and validity issues is best suited for a fully developed trial record. If, as Dell suggests, its infringement and validity defenses are such that Dell's conduct cannot be deemed "objectively reckless," then Dell is free to pursue that position through a motion for judgment as a matter of law.

Finally, genuine issues of material fact exist regarding whether Dell knew or should have known that its acts risked infringement of a valid United States Patent. If the jury believes that Dell knew of the patent either through communications with Mr. Crook or otherwise, and the jury also believes that Dell's conduct was objectively reckless, then the jury could infer that Dell knew or should have known that its actions infringed a valid United States Patent.

### 3.    Conclusion

For the above-stated reasons, the undersigned recommends denying Dell's motion for summary judgment of no willful infringement (Dkt. #164).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within ten days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

SIGNED this 11th day of September, 2009.

                                                 CHARLES EVERINGHAM IV
                                                 UNITED STATES MAGISTRATE JUDGE