IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ABSTRAX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:07-CV-221-DF-CE |
| | § | |
| DELL, INC., | § | |
| | § | |
| Defendant. | § | |

**O R D E R**

Before the Court is Defendant Dell's Objection to the Magistrate Judge's Report and Recommendation Regarding Abstrax's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses and Counterclaims Under Sections 102 and 103. Dkt. No. 249. Also before the Court are Plaintiff Abstrax's Response, Dell's reply, and the parties' original briefing on the motion. Dkt. Nos. 269, 259, 160, 182, 194, and 200. Having considered all the relevant papers and pleadings, the Court finds that Defendant's Objection to the Magistrate Judge's order should be **overruled.**

**I. BACKGROUND**

Abstrax filed a motion for partial summary judgment on Dell's affirmative defenses and counterclaims that the patent-in-suit, U.S. Patent No. 6,240,328 ("the '328 Patent"), is invalid under 35 U.S.C. §§102 and 103. Dkt. No. 160. Abstrax sought summary judgment regarding Dell's anticipation, obviousness, and abandonment defenses. The Magistrate Judge issued a Report and Recommendation recommending denial of Abstrax's motion as to anticipation and

1

obviousness, but granting the motion as to abandonment under 35 U.S.C. §102 (c). Dkt. No. 227. Dell now objects and requests that this Court review the Magistrate Judge's order and deny Abstrax's motion for partial summary judgment with respect to Dell's 102 (c) abandonment defense. Dkt. No. 249 at 1.

## II. LEGAL PRINCIPLES

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). An issue is "material" where it involves a fact that might affect the outcome of the suit under the governing law of the underlying cause of action. *See Burgos v. S.W. Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir. 1994) (citing *Anderson,* 477 U.S. at 248). The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley,* 992 F.2d 540 (5th Cir. 1993). Once the movant has shown the absence of material fact issues, however, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.

## III. DISCUSSION

In defense, Dell contends that the '328 Patent is invalid under §102 (c) because the prior owner, Motorola, intentionally abandoned its patent rights by not paying the required maintenance

fees. According to Dell, evidence in the form of Motorola business records establishes that Motorola intentionally abandoned the invention to the public by making the decision to drop the patent and not pay the maintenance fee. Dkt. No. 182 at 9. The patentee's deliberate decision to dedicate the claimed invention to the public by allowing the '328 Patent to expire constitutes an invalidating abandonment under 35 U.S.C. § 102 (c), Dell argues. *Id.* This evidence, Dell added, raises a genuine issue of material fact which precludes summary judgment.

Abstrax replied that Dell misconstrues abandonment under 102 (c). Abstrax argues that 102 (c) is a condition of patentability that governs a patentee's conduct prior to the patent's issuance. Dkt. No. 194 at 9; Dkt. No. 259 at 1. Abstrax argues that Dell's arguments, in contrast, relate to what the patentee did *after* the '328 Patent issued. Dkt. No. 259 at 2. That is, whether Motorola intentionally failed to pay the maintenance fee.

In reply, Dell argues that facts presented establish as a matter of law that the patent-in-suit has been dedicated to the public and is therefore invalid under 102 (c). Dkt. No. 269 at 2.

The Magistrate Judge addressed the primary question of whether Dell may pursue its abandonment defense before the jury as part of its invalidity case. Citing *Aristocrat Tech. Australia Pty. Ltd v. International Game Technology,* 543 F.3d. 657, 661 (Fed. Cir. 2008) as support, the Magistrate Judge found that "improper revival" could not be raised as a defense to a claim of patent infringement. Dkt. No. 227 at 5. The Magistrate Judge also found, however, that Dell could proffer its improper revival allegations in the context of an inequitable conduct proceeding. *Id.* at 7.

Finding no error with the Magistrate Judge's reasoning or conclusion, this Court agrees. As the Magistrate Judge found, the reasoning of *Aristocrat* applies in the present case. The question before the *Aristocrat* court was whether improper revival constituted a valid defense under title 35.

3

In answering in the negative, the Federal Circuit held that the patent statute never intended to provide defendants with a defense of "improper revival." *Aristocrat*, 543 F.3d at 662. The Federal Circuit concluded that improper revival did not fall into the category of so-called "conditions of patentability." *Id.*

The Circuit found that the defenses based on "conditions for patentability" relate only to defenses of invalidity for lack of utility and eligibility, novelty, and nonobviousness. Further, the Circuit cited the absence of "improper revival" from the "catalog" of defenses laid out in 35 U.S.C. § 282 to support its conclusion that "improper revival" could not be a cognizable defense under 282(4) - the catch-all provision of section 282. *Id.*

In this case, Dell does not seek a defense pursuant to a condition of patentability. Rather, Dell attacks a decision of the United States Patent and Trademark Office ("PTO") after the patent has been issued. To be sure, Dell has filed a separate case in the United States District Court for the Eastern District of Virginia against the PTO challenging the PTO's decision to revive the '328 Patent. *See* Dkt. No. 204-2. As such, Dell's abandonment defense – to the extent it relies on the lapse of the '328 Patent and its allegedly improper revival – is not properly before the jury. Therefore, Dell's objection to the Magistrate Judge's Report and Recommendation granting in part Abstrax's motion for partial summary judgment as to Dell's 102(c) defense is hereby **overruled.**

## IV. CONCLUSION

For the reasons stated above, Dell's Objection to the Magistrate Judge's Report and Recommendation Regarding Abstrax's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses and Counterclaims Under Sections 102 and 103 (Dkt. No. 249) is hereby **OVERRULED,** and the Magistrate Judge's Report and Recommendation Regarding Abstrax's

Motion for Partial Summary Judgment on Defendant's Affirmative Defenses and Counterclaims Under Sections 102 and 103 (Dkt. No. 227) is hereby **ADOPTED.**

**SIGNED this 7th day of October, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE