**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **ABSTRAX, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 2:07-CV-221-DF-CE** |
| | § | |
| **DELL, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## O R D E R

Before the Court is Defendant Dell's Objection to the Magistrate Judge's Report and Recommendation Regarding Dell's Motion for Partial Summary Judgment of Non-Infringement. Dkt. No. 257. Also before the Court are Plaintiff Abstrax's Response, Dell's Reply, and the parties additional briefing on the motion. Dkt. Nos. 161, 185, 193, 203, 262, and 268. Having considered all the relevant papers and pleadings, the Court finds that Defendant's Objection to the Magistrate Judge's order should be **overruled**.

## I. BACKGROUND

Dell filed a motion for partial summary judgment of no infringement of U.S. Patent No. 6,240,328 ("the '328 Patent"). Dkt. No. 161. Dell sought partial summary judgment (1) that some of its products do not infringe certain claims; (2) that its products do not infringe under the doctrine of equivalents; (3) that is was not laible for indirect infringement; and (4) that it did not infringe under 35 U.S.C. §271(g).

The Magistrate Judge examined five accused programs: PrepStation, WCPP, WMPP,

WSPP, and WXPP. Dell argued that it is entitled to summary judgment of no literal infringement of claims 1-4, 9, and 12 of the '328 Patent because the programs do not contain "text information." Additionally, Dell argued that three programs, WCPP, WMPP, and ECPP, do not have graphics images indicating how to assemble or connect one or more components of the product.

With respect to Dell's "text information" argument, the Magistrate Judge found that summary judgment was not proper for PrepStation, WCPP, and WMPP; however, the Magistrate Judge did recommend granting Dell's motion for partial summary judgment of noninfringement of claim 1 and any claims dependant on claim 1 for WSPP and WXPP. Dkt. No. 229 at 6-8. With respect to its graphics images information argument, the Magistrate Judge recommended granting Dell's motion for partial summary judgment that ECPP does not literally infringe claims 1, 2-4, 9, and 12 of the '328 Patent. However, the Magistrate Judge recommended denying Dell's motion as to WCPP and WMPP because of triable issues of fact with respect to those products and the graphics images limitation. *Id.* at 9-10.

The Magistrate Judge also recommended granting Dell's motion with respect to infringement under the doctrine of equivalents, but denied its motion for partial summary judgment of no indirect infringement. *Id.* at 10. Finally, the Magistrate Judge rejected Dell's argument that it does not infringe, as a matter of law, under 35 U.S.C. §271(g). *Id.* at 12.

## II. LEGAL PRINCIPLES

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). "The evidence of the

non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). An issue is "material" where it involves a fact that might affect the outcome of the suit under the governing law of the underlying cause of action. *See Burgos v. S.W. Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir. 1994) (citing *Anderson,* 477 U.S. at 248). The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley,* 992 F.2d 540 (5th Cir. 1993). Once the movant has shown the absence of material fact issues, however, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.

## III. DISCUSSION

### A. Literal Infringement

Dell contends that the Magistrate Judge erred in finding that a genuine issue of material fact existed about whether the PrepStation, WCPP, and WMPP products meet the "text information" limitation of claim 1. The relevant part of claim 1 reads:

> 1. A method, performed by a computer, for assembling a product having components, the method comprising the steps of:
>
> (a) providing one or more abstract assembly steps for assembling the product, the abstract assembly steps containing variable portions for assembling the product with potentially different configurations, the variable portions including variable parameters capable of representing different component information, *text information explaining how to assemble or connect one or more of the components of the product*, and the variable portions further including at least one of an identifier of one or more computer graphics images to be displayed indicating how to assemble or connect one or more of

the components of the product, and machine-readable instructions for the computer to draw and display one or more computer graphics images indicating how to assemble or connect one or more of the components of the product

Dell argues that none of its accused programs "contain 'text information explaining how to assemble or connect' components of a product *within the abstract assembly step*, as dictated by claim 1." Dkt. No. 257 at 2 (emphasis in original). Dell's argument appears to be that one must confine the examination of the whether "test information" exists to step (a) above. That is, analysis of the programs' outputs (the result of steps (a) through (c)) would be improper and only the abstract assembly steps – the accused source code – should be examined. "Because Abstrax accuses Dell's source code of being abstract assembly steps, Abstrax must show that the accused text 'explain[s] how to assemble or connect' as it exists **within the accused source code**[.]" Dkt. 257 at 4 (emphasis in original). Put even another way, Dell argues that we must look at what the "text information" conveys as it is written in the source code and not any results or output. Dell bases its argument, in part, on its contention that the claimed method requires the steps to be performed in the order they are written and only step (a) requires the existence of text information.

Abstrax responds that Dell's argument does not make sense when the "text information" limitation is read in the context of the entire claim. Dkt. No. 262 at 3. Abstrax argues that it is necessary to examine the program output to determine whether "text information" explains how to assemble or connect a product. *Id.* Abstrax also argues that the claim does not require the text information to be in a readable format as its sits in the source code. *Id*. at 4. Abstrax's technical expert Dr. Keyser also provided evidence showing that "text information" within the accused programs does in fact meet the claim limitation.

In reply, Dell argues that within the proper context, it is undisputed that the text information

relied upon by Abstrax does not explain how to assemble or connect one or more components. Dkt. No. 268 at 3. Therefore, Dell argues, in the "proper context" there is no issue of fact that prevents granting Dell's motion for partial summary judgment. *Id.*

Dell seeks to distinguish "text information explaining how to assemble or connect one or more of the components of the product" from text within its source code such as "1st slot" or "Modules for." Dell's argument resembles one for claim construction. That is, whether the text information needs to explain how to assemble or connect a component before or after the configuration model is applied to abstract assembly steps. It should be noted that neither party submitted this term for construction. Dell's argument falters when taken in conjunction with the fact that the other limitations within step(a) also are resolved later on to produce the output. Furthermore, as the Magistrate Judge found, the existence of instructive text such as "current PN#, Part # of #" and "cards for", viewed in the light most favorable to the non-moving party, creates a fact issue sufficient to preclude summary judgment. Those text strings appear in the source code as well as in the output.

This Court agrees with the Magistrate Judge that a reasonable juror could find that such text constitutes "text information." Moreover, the Court finds nothing inconsistent about the Magistrate Judge's application of the claim language when evaluating the "text information" limitations. Therefore, Dell's objection to the Magistrate Judge's report and recommendation regarding non-infringement of claims 1 - 4, 9, and 12 is **overruled.**

## B. Infringement Under 35 U.S.C. §271(g)

Section 271(g) imposes liability for patent infringement on "[w]hoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States[.]" The Magistrate Judge found sufficient

5

proximity between the performance of the patented method and the finished computer products to preclude summary judgment. Dkt. No. 229 at 12. Dell objects to the Magistrate Judge's report on the grounds that it fails to recognize that in order for a product to have been "made by" a patented process, it must have been a physical, manufactured article. Dkt. No. 257 at 8-9. Dell characterizes the product of the claimed method as information, which is not covered under §271(g). Dell adds that the Magistrate Judge also erred because his analysis involved Dell's use of the accused systems and not the product of Dell's accused systems. Dkt. No. 257 at 11.

Abstrax responds that the claimed method does not produce "information," but a tangible result – assembly instructions for assembling the product to have the requested information. Dkt. No. 262 at 7.

This Court finds no error in the Magistrate Judge's reasoning or conclusion. While it is true that the Federal Circuit in *Bayer AG v. Housey Pharmaceuticals, Inc.*, 340 F.3d 1367 (2003) held that the production of information is not covered by 271(g), the facts of that case distinguish it from the present case as well as *Bio-Technology General Corp. v. Genentech, Inc.*, 80 F.3d 1553 (Fed. Cir. 1996). The method in *Bayer* was directed to screening for substances which specifically inhibit or activate a particular protein affecting certain characteristics of a cell expressing that protein. *Bayer*, 340 F.3d at 1369. The question in *Bayer* was whether 271(g) applied to methods of use, methods of manufacture, or both. *Id.* at 1370. The *Bayer* panel concluded, based in large part on the statute's legislative history, that Congress was concerned with physical articles that had undergone manufacture. *Id.* at 1377. Dell now argues that the claimed method is too far removed from and not used directly in the manufacture of the product.

As the Magistrate Judge found, the patented method explicitly contemplates that it will be

used as part of an overall process to create an end product. Just as the production of hGH was not too remote from the making of a replicable cloning vector in *Bio-Technology*, the production of computers is not too remote from the claimed process for generating assembly instructions. As with the claimed process in *Bio-Technology*, Dell uses the claimed process as part of its manufacturing process and not as a predicate process to identify the product to be manufactured. This proximity precludes summary judgment that Dell's computers are not "made by" the method claimed in the '328 Patent. *See also*, *OKI America, Inc. v. Advanced Micro Devices, Inc.*, 2006 WL 2711555 (N.D. Cal. Sept. 21, 2006) (holding that devices containing the chips diced from a silicon wafer are directly derived from the from the wafer processing steps and are thus "made by" the claimed process). Therefore, Dell's objections to the Magistrate Judge's report and recommendation regarding section 271(g) are **overruled.**

### C. Indirect Infringement

The Magistrate Judge recommended denying Dell's motion on the issue of indirect infringement on the ground that it was premature. Dell objects. According to its response to Dell's objection, Abstrax does not assert a theory of indirect infringement by Dell. Dkt. No. 262. This objection is now **moot**. If Abstrax reverses course, Dell is not precluded from reurging its objection.

### IV. CONCLUSION

For the reasons stated above, Dell's Objection to the Magistrate Judge's Report and Recommendation Regarding Dell's Motion for Partial Summary Judgment of Non-Infringement ( Dkt. No. 257) is hereby **OVERRULED**, and the Magistrate Judge's Report and Recommendation Regarding Defendant's Motion for Summary Judgment of Non-Infringement (Dkt. No. 229) is hereby **ADOPTED**.

SIGNED this 7th day of October, 2009.

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE