IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ABSTRAX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:07-CV-221-DF |
| | § | |
| DELL, INC., | § | |
| | § | |
| Defendant. | § | |

**O R D E R**

Before the Court are Abstrax's Motions in Limine. Dkt. No. 215. Also before the Court are Dell's response and Abstrax's reply. Dkt. Nos. 233 and 253, respectively. The Court briefly heard argument on some of Abstrax's motions at the preliminary pretrial conference on September 29, 2009. Dkt. No. 258 (hearing transcript). Having considered the arguments of counsel, all relevant papers and pleadings, the Court finds that Abstrax's motions in limine should be **GRANTED IN PART** and **DENIED IN PART** as set forth below.

**Motion No. 1**: Dell is unopposed to this motion provided that it also applies to expert reports, declarations, and depositions. That is, Dell feels that expert opinions not set forth in an expert's written report, written declaration, or deposition testimony should be excluded. The parties agree in principle; therefore, Motion No. 1 will be **granted with the modification** that it extends to expert reports, declarations, and depositions.

**Motion No. 2**: The patent claims define the scope of the invention and whether the accused products infringe.  The cases cited by Dell are not directly on point with respect to infringement.  The preferred embodiments and the specification are used to determine the *meaning* of the claims, but the claims control infringement.  Therefore, Motion No. 2 will be **granted**.

**Motions Nos. 3 and 4**: Motions in limine numbers 3 and 4 are unopposed so long as they apply reciprocally to both parties.  The Court finds no reason that these motions should not apply reciprocally to the parties.  Therefore, Motions 3 and 4 will be **granted** and shall apply reciprocally to both parties.

**Motion No. 5**: To the extent that Abstrax or its expert argue at trial that a particular claim limitation is met by a particular activity in the context of its infringement, but that the prior art's disclosure of the same activity does not meet that limitation, Dell seeks to rebut Abstrax's argument by pointing out that inconsistency.  As Abstrax states, "An expert must compare the construed claims to the prior art." *TiVo, Inc. v. Echostar Communs. Corp.*, 516 F.3d 1290, 1311 (Fed. Cir. 2008).  While supported, Abstrax motion is too broad and ambiguous.  Similarly, Dell's objection to this motion seems fairly narrow in scope.  Therefore, Motion No. 5 will be **granted with the modification** that an expert's testimony regarding validity or lack thereof will be limited to the Court's claim construction and the prior art, not the criticism of an opposing expert's report or previous testimony.

**Motion No. 6**: With respect to Motion No. 6, Abstrax's motion appears narrow and Dell's objection seems broad. Again, the question of whether a patent is valid depends on whether the prior art anticipates the claim limitations, not a preferred embodiment.  Dell argues

that since the claims must encompass the preferred embodiment, it should be allowed to compare the prior art to the preferred embodiments. Nevertheless, in order to anticipate, the prior art must meet all the limitations in the claims, not a preferred embodiment. The cases cited by Dell are not on point. In *Lewmar Marine*, the Federal Circuit reversed the district court's interpretation of a claim element using the specification. "The claims, as interpreted by the specification, do not use 'only' in an operational sense, but in an absolute sense." *Lewmar Marine*, 827 F.2d at 750. Thus, in *Lewmar* the Federal Circuit resolved a claim construction issue. In *Motorola Inc. v. Interdigital Tech. Corp.*, Motorola "presented a rigorous comparison of the claims to the accused products and to the prior art references." 121 F.3d 1461, 1470 (Fed. Cir. 1997). Motorola also compared the accused device with the commercial embodiment but not in an "element-by-element" fashion. *Id.* Again, the claims control. Therefore, Motion No. 6 will be **granted**.

      **Motion No. 7**: Abstrax seeks to exclude any uncorroborated testimony from any of the Dell witnesses, including experts, about alleged prior art such as uncorroborated statements about manufacturing processes or computer programs, methods, or technology that existed, were known, used, or sold prior to the invention. Dell does not intend to provide any uncorroborated evidence of invalidity. The parties agree in principle; therefore, Motion No. 7 will be **granted**.

      **Motion No. 8**: Fed. R. Evid. 704 states "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Abstrax's motion is too broad and ambiguous. To the extent Abstrax feels that an expert's opinion is not well grounded in fact, it may approach. As such, Motion No. 8 will be **denied**.

      **Motion No. 9**: The maintenance fee does not affect the questions of validity or

infringement. With respect to Dell's intervening-rights defense, the language of 35 U.S.C. § 41(c)(2) protecting those "'who made, purchased or used' has been interpreted to mean those 'who *first began* to make, purchase, or use anything protected by the patent *during the lapse period*.' It does not immunize discreet products made, used, or sold as part of a continuing commercial effort begun before the lapse." *Fonor Corp. v. GE,* 107 F.3d 1543, 1554 (Fed. Cir. 1997). Both parties cite this case in support of their respective positions. Dell argues that because no damages can be assessed on the use of those newly-introduced systems during the period when the patent was expired, this section 41(c)(2) defense serves to reduce the amount of damages Abstrax alleges it has incurred. However, *Fonar* also states that "a patent is retroactively rendered enforceable during the lapse time period when the Commissioner accepts a late payment." This appears to foreclose Dell's intervening-rights defense.

      The late-paid maintenance fee's relevance to the valuation of the patent and the benefits of the patent under *Georgia-Pacific* factors is valid, but any probative value on that issue is substantially outweighed by the dangers of undue prejudice. However, if Dell can provide evidence that demonstrates that Motorola (or even Abstrax) reviewed or analyzed the '328 Patent and its technology and intentionally decided to let it lapse because, for example, it lacked actual or potential commercial value, then it may approach. The Court is aware of the Motorola emails, MOTO-PRIV 0064-65. This evidence is insufficient. Thus, Motion No. 9 will be **granted with the caveat** that Dell may approach with evidence of a deliberate decision by Motorola or Abstrax to let the '328 Patent lapse made as a result of a review of the patent, such as its actual or potential commercial value.

      **Motion No. 10**: The parties agree in principle, and this Court generally reserves the issue

of inequitable conduct.  Therefore, Motion No. 10 will be **granted**.

**Motion No. 11**: Dell does not intend to use the prosecution history to re-argue any issues of claim construction already decided by this Court.  Further, the Magistrate Judge recommended granting Dell's motion for summary judgment for no infringement under the doctrine of equivalents.  Dell appears to be concerned with Abstrax's intention of calling named inventors.  To the extent those inventors offer testimony that is inconsistent with arguments made during prosecution, Dell would like to refer to those arguments for impeachment purposes.  If such issues arise, Dell may approach.  Therefore, Motion No. 11 will be **granted**.

**Motion No. 12**: Dell does not intend to advance any invalidity theory that relies upon prior art that was not disclosed in its invalidity contentions or expert reports.  The Magistrate Judge found that Dell's 102 (c) argument is not properly before a jury.  Dkt. No. 227.  This Court agrees.  Improper revival is not a cognizable defense to patent infringement.  Therefore, Motion No. 12 will be **granted**.

**Motion No. 13**: Messrs. Elshaug and Lemmon were not specifically disclosed in Dell's Rule 26(a)(1) disclosures.  Rather, Dell used the phrase, "Authors and inventors of prior art references identified and produced in this Action."  However, the relative importance of this reference appears to have been appreciated by both parties well before the trial setting.  Dell argued at the September 29 conference that tracking down these witnesses was difficult, and that Mr. Lemmon was found this summer.  Mr. Lemmon's name and address were disclosed to Abstrax in Dell's trial witness list served August 24, 2009.  See Dkt. No. 253 at 2.  Prior to that, the only disclosure is in the catch-all phrase, "Authors and inventors of prior art references identified and produced in this Action" found in their initial disclosures of November 2007.

Rule 26 is clear as to what is required. Dell failed to timely amend or supplement its disclosures to conform with Rule 26.  Dell argues that Abstrax had notice but does not explain why it failed to supplement.  Allowing Messrs. Elshaug and Lemmon would prejudice Abstrax in that they have not had the opportunity to depose either witness to learn the scope of their testimony. On the other hand, striking Messrs. Elshaug and Lemmon does not strike the prior art reference; Dell's invalidity expert can still speak to the IBM patent.  In balance, Abstrax bears greater risk of prejudice than Dell.  Moreover, to rule that a catch-all phrase equals compliance with Rule 26 would shift the burden of identifying relevant witnesses to the other party.  This would require parties to search through invalidity contentions, prior art, and prior art cited by prior art for potential witnesses.  Such a result flies in the face of the spirit and purpose of the discovery rules.  Therefore, Motion No. 13 will be **granted** as to Messrs. Elshaug and Lemmon.

Mr. Palacios was not disclosed.  Dell's claim that Abstrax could have deposed him based on his appearance in an inspection video lacks merit.  Dell does not substantially justify the lack of disclosure or supplementation.  Therefore, Motion No. 13 will be **granted** as to Mr. Palacios.

According to Dell,  personnel changes necessitate Mr. Noakes' replacing the previously disclosed and deposed Mr. Komm.  At the conference on September 29, 2009, counsel for Dell stated that Dell had not been able to obtain an agreement with Mr. Komm that he would be available for trial. Dkt. No. 258 at 40 (transcript).  Dell submits that Mr. Noakes' testimony will be consistent with that of his predecessor, Mr. Komm, should he be called on Dell's behalf at trial.  Counsel for Abstrax stated that there were Dell employees deposed by Abstrax that would be unobjectionable.  *Id.* at 42.  The Court advised the parties to meet and confer regarding an acceptable substitute for Mr. Komm, should he be needed and unavailable.  *Id.* at 43. The parties

have not informed the Court of any consensus.  Therefore, the Court will **defer** Motion No. 13 as to Mr. Noakes until it receives word from the parties.

    **IT IS SO ORDERED.**

    **SIGNED this 7th day of October, 2009.**

                                                  DAVID FOLSOM
                                                  UNITED STATES DISTRICT JUDGE