IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ABSTRAX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:07-CV-221-DF-CE |
| | § | |
| DELL, INC., | § | |
| | § | |
| Defendant. | § | |

**O R D E R**

Before the Court is Defendant Dell's Objection to the Magistrate Judge's Report and Recommendation Regarding Defendant's Motion for Summary Judgment of No Willful Infringement. Dkt. No. 244. Also before the Court is Plaintiff Abstrax's Response, Dell's Reply and the parties' original briefing on the motion for summary judgment of no willful infringement. Dkt. Nos. 164, 184, 189, 201, 266, and 272. Having considered all the relevant papers and pleadings, the Court finds that Defendant's Objection to the Magistrate Judge's order should be **overruled**.

**I. BACKGROUND**

Dell filed a motion for partial summary judgment of no willful infringement. Dkt. No. 164. In its motion, Dell argued that no reasonable juror could find, by clear and convincing evidence, that Dell willfully infringed U.S. Patent No. 6,240,328 ("the '328 Patent"). Specifically, Dell argued (1) that it had no knowledge of the '328 Patent or its pending application; (2) that there was no evidence that Dell behaved in an objectively reckless manner

before or after the lawsuit was filed; and (3) that there is no evidence that Dell knew or should have known of a high risk of infringement.

The Magistrate Judge found that genuine issues of material fact precluded granting Dell's motion. Dkt. No. 222. For example, a former Motorola executive who knew of the '328 Patent application and technology joined Dell. Further, there is evidence that a named inventor on the '328 Patent, Mr. LaLonde, discussed the technology and the patent with that former executive after his joining Dell. *Id.* at 4. In sum, the Magistrate Judge concluded that in light of the evidence and the facts, summary judgment was not appropriate. Dell now objects to the Magistrate Judge's Report and Recommendation.

## II. LEGAL PRINCIPLES

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). An issue is "material" where it involves a fact that might affect the outcome of the suit under the governing law of the underlying cause of action. *See Burgos v. S.W. Bell Tel. Co.,* 20 F.3d 633, 635 (5th Cir. 1994) (citing *Anderson,* 477 U.S. at 248). The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley,* 992 F.2d 540 (5th Cir. 1993). Once the movant has shown the absence of material fact issues, however, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "Summary judgment will

not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.

## III. DISCUSSION

In its objection to the Magistrate Judge's Report and Recommendation, Dell reurges the arguments proffered in its Motion for Summary Judgment. Namely, no reasonable juror could conclude that Dell was on notice of the '328 Patent prior to initiation of the present suit. Dkt. No. 244 at 1. Dell contends that this is true despite – taking facts most favorable to the non-movant – that Mr. Crook, the former Motorola employee who went to work for Dell, had knowledge of the '328 Patent and that the '328 Patent was cited as a reference on a subsequent Dell patent. Dell argues that none of those facts are sufficient to draw a reasonable inference that Dell knew or should have known about any objectively high likelihood of infringement prior to the lawsuit. *Id.*

Dell contends that there is no evidence that Mr. Crook knew anything about the '328 Patent or that he told anyone at Dell about the nature of the '328 Patent. Dell objects to the Magistrate Judge's finding that a reasonable jury could not believe Dell's denial of knowledge and could infer that Mr. Crook likely advised others at Dell of the patented technology. *Id*. at 2-3.

Dell also objects to the Magistrate Judge's finding that this inference would be support by the fact that the '328 Patent was a reference considered by the examiner during prosecution of one of Dell's patents related to similar technology. Dell highlights the fact that it was the patent examiner, not Dell, that cited the '328 Patent against Dell's patent application and that the examiner did not reject Dell's application based on the '328 Patent. *Id.* at 4.

Finally, Dell argues that the existence of substantial defenses to infringement and validity of the '328 Patent preclude a finding of willfulness. *Id*. at 5-6. Dell cites *Depuy Spine, Inc. v.*

*Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314 for the proposition that the existence of a triable issue of fact as to just one defense precludes a finding of objective recklessness as a matter of law.

Abstrax responds arguing that Dell's objectively reckless conduct can be demonstrated by what Mr. Crook learned from Mr. LaLonde while he worked at Motorola. Dkt. No. 266 at 2. Abstrax describes in its response the relationship between Mr. LaLonde and Mr. Crook during Mr. Crook's time at Motorola and after he left to join Dell. *Id.* at 3-4. Abstrax also contends that a named inventor on Dell's '728 Patent admitted that the patent-in-suit may have been presented to him when he was filing the patent. *Id.* Abstrax also argues that its actions in response to receiving notice was objectively reckless as demonstrated by the fact that Dell did not assert that it investigated infringement and developed even more infringing programs. *Id.* at 6. Finally, Abstrax submits that Dell's argument regarding the unpaid maintenance fee does not negate Dell's objectively reckless behavior. *Id.* Based on these facts, a reasonable juror could find that Dell acted despite an objectively high risk of infringement, Abstrax argues.

In reply, Dell argues that to the extent there is any, Abstrax's willfulness evidence is immaterial to the objection prong of *Seagate*. Dkt. No. 272 at 3-4.

In order to prevail on its motion for summary judgment on the grounds of no willful infringement, Dell must show that did not act with "objective recklessness." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*). Dell must first show that it did not act under an "objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* Next, Dell must show that it neither knew nor should have known of an objectively high risk of infringement. *Id.* That is, this knowledge may be either actual or constructive. *Id.*

This Court finds that Dell has not met its burden of proof. Dell separately attacks each of the

Magistrate Judge's findings as insufficient; however, taken as a whole the questions of material fact described by the Magistrate Judge amply support the conclusion that summary judgment is improper. Construing the facts in a light most favorable to the non-moving party, a reasonable jury could find based on the direct and circumstantial evidence presented that Dell had actual knowledge of the patent-in-suit. To be sure, a reasonable jury could find that Dell learned of the patent-in-suit either through Mr. Crook or through prosecution of its own patent. Further, a reasonable jury could discount Dell's argument that it relied on the '328 Patent's lapsing for failure to pay the fee and accept Abstrax's assertion that failure to pay the maintenance fee was unintentional. Thus, a reasonable jury could find that Dell acted despite an objectively high likelihood that its actions constituted infringement.

Moreover, the existence of triable defenses to infringement does not *ipso facto* preclude a finding of willful infringement, as Dell suggests. *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d. 1314, 1336 (Fed. Cir. 2009) (concluding that "the fact that an issue was submitted to a jury does not automatically immunize an accused infringer from a finding of willful infringement"). Additionally and as the Magistrate Judge pointed out, the determination of willful infringement or lack thereof is best made after a fully developed trial record. *Depuy Spine*, 567 F.3d at 1337 (affirming district court's grant of JMOL of no willfulness). Dell is free to pursue that argument through a motion for judgment as a matter of law.

## IV. CONCLUSION

For the reasons stated above, Dell's Objection to the Magistrate Judge's Report and Recommendation Regarding Defendant's Motion for Summary Judgment of No Willful Infringement (Dkt. No. 244) is hereby **OVERRULED,** and the Magistrate Judge's Report and

5

Recommendation Regarding Defendant's Motion for Summary Judgment of No Willful Infringement (Dkt. No. 222) is hereby **ADOPTED.**

**SIGNED this 7th day of October, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE